Judge Nicholas
delivered the Opinion of the Court.
This writ of error is prosecuted to reverse a decree, against Rice, for the release and conveyance to Williams, of so much of a hundred acres of land patented to Rice, as conflicts with another hundred acres patented to Williams.
The case, when stated most favorably for Williams, is in substance this : — he had a land office warrant, for one hundred acres, and applied to the plaintiff in error, Samuel Rice, as deputy for his father, Claiborne Rice, who was surveyor of Muhlenburgh' county, to enter the warrant, and have it surveyed. — Samuel Rice had at the time, another warrant for one hundred acres, in fav- or of E. Watkins, which had been placed in his hands some time previous, to be entered, with the view of haring it located and surveyed, but which he bad neglected to have entered. This application was made at the house of Samuel Rice; they went together to the house of Claiborne Rice, where the surveyor’s book, in which applications for surveys were made, then was,;with the ostensible purpose of making the entry for Williams ; and on the way, Williams probably disclosed to Samuel Rice, the land he wished to appropriate. When they got near the house, Samuel Rice stepped forward, entered the *193 house first, and demanded, in the presence of the family, to have the warrant in the name of Watkins entered, and finding the book lying on the table, proceeded immediately to enter the application in favor of Watkins’ warrant. At this time, Claiborne Rice was at work in an adjoining field, where he was sought by Williams, who demanded to have his application entered, and his warrant surveyed. When they came to the house, Williams again renewed his demand; but the principal surveyor, finding what had been done in his absence, determined that Watkins’ warrant was entitled to precedence, and that the entry of the application must stand as made.
As soon as Samuel Rice had made the entry, he sent some miles to Watkins, and obtained, after the lapse of an hour or two, his authority to use and locate the warrant for his, Samuel Rice’s, benefit, and caused it to be surveyed the same day. Williams had his warrant also entered the same day, and surveyed the next day, upon most of the land surveyed for Samuel Rice, the survey- or refusing to make the survey sooner.
The case has been argued at the bar, upon the predication, that under all the circumstances, Williams had acquired the prior right to have his application first entered, and his survey first made. We cannot concur in the correctness of this view of the case, and it is consequently unnecessary to investigate the justness of the inferences deduced from it.
If it be conceded, as we think it must be, that a deputy surveyor is competent to receive and enter an application, it is obvious that the warrant in the name of Watkins, was not only fairly entitled to, but did receive, precedence and priority, by reason of the prior application and entry in its favor. It should properly have been entered some time previous to the day on which it was actually done. If then, Samuel Rice, instead of procuring the use of the warrant for his own benefit, had informed Watkins of the vacant land which Williams purposed locating, and had thereby enabled or induced Watkins to have his survey made on that land, there could be no doubt that Watkins would have held it. The case, therefore, is limited down to the enquiry, whether the fact of *194 Rice having procured t.Ke use of the warrant, and located the land for his own benefit, places him in a so far worse, or different, situation, as to authorize the decree of the circuit court.
If Rice received the information as to the vacant land from Williams, whilst applying to him to have his warrant entered and surveyed, (which, however, is positively denied, and the proof is not satisfactory to rebut the denial of the answer,) it might not be very creditable to his morals, either as a man, or an officer, that he should have availed himself of information so obtained, to benefit either himself or another, to the prejudice of .Williams. Still, as'in'is court has frequently remarked, it is not every departure from the strict rules of moral rectitude, that will authorize an action at. law, or constitute a ground for relief in equitv. If A discloses to B how an advantageous speculation can be made in property, and con-» Suits with him, as a friend, as to the expediency of the purchase, if -B should forestall him hy making the purchase for himself,-the code of honor would no doubt condemn the conduct of B ; but the civil code could give A no redress. That case and this are alike, except that the ■Official,station of Rice may be supposed to give a deeper tint to the character of the delinquency. But that circumstance alone cannot so alter the attitude of the cases as to produce an entire difference in the result. Whether surveyors and their deputies should not he prohibited from making appropriations for their own benefit, altogether, is another question, which addresses itself to another department of the government exclusively. But so long as they are not thus prohibited, we can only test their conduct in this particular, by the same rules, as are applicable to that of other citizens. We know of no law that requires them to keep their information of vacant land, no matter how obtained, for the exclusive use of applicants generally, or for that of the particular individual from whom they may have chanced to have derived their information. s
The decree must be reversed, with costs, and the cause remanded with directions to dismiss the bill'.